1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2024

SEAN F. McAVOY, CLERK

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5

6

MAKINZEE S.,[1]

No.    4: 23-cv-05152-EFS

7

Plaintiff,

8

v.

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR FURTHER PROCEEDINGS**

9

MARTIN O'MALLEY, Commissioner of Social Security,

10

11

Defendant.

12

13

14      Plaintiff Makinzee S. claims that she is unable to work fulltime due to

15   mental impairments, bipolar disorder, schizoaffective disorder and applied for

16   supplemental security income benefits. She appeals the denial of benefits by the

17   Administrative Law Judge (ALJ) on the grounds that the ALJ erred in applying

18   Acquiescence Ruling 97-4; erred in finding that Plaintiff had no medically

19   determinable impairment other than substance abuse; erred when assessing

20

21   _____

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as

22   "Plaintiff." *See* LCivR 5.2(c).

23

substance abuse; and erred in his evaluation of the medical opinions. As is explained below, the ALJ erred. This matter is remanded for further proceedings.

## I.    Background

In August 2020, Plaintiff filed an application for benefits under Title 16, claiming disability beginning January 1, 2013, based on the mental impairments noted above.[2] After the agency denied Plaintiff benefits, ALJ Jesse Shumway held a telephone hearing in June 2022 at which Plaintiff appeared with her representative.[3] Plaintiff testified, and a vocational expert appeared to testify but was asked no questions by the ALJ or Plaintiff's attorney.[4]

After the hearing, the ALJ issued a decision denying benefits.[5] The ALJ found Plaintiff's testimony of extended sobriety was impossible to accept as credible and he was therefore unable to establish the presence of any medically determinable mental impairment other than substance abuse.[6] As to medical opinions, the ALJ found:

---

[2] AR 249, 276.

[3] AR 58-82.

[4] *Id.*

[5] AR 16-32.  Per 20 C.F.R. § 416.920(a)-(g), a five-step evaluation determines whether a claimant is disabled.

[6] AR 23.

- The opinions of DSHS evaluators David Morgan, PhD, and Luci Carstens, PhD, that Plaintiff had the severe impairments of bipolar disorder and anti-social personality disorder to be unpersuasive.

- The opinion of consultative examiner Ioly Lewis, MHNP, to be unpersuasive.

- The opinions of state agency evaluators Howard Platter, MD, and Dorothy Leong, MD, that Plaintiff had no severe physical impairments to be persuasive.

- The opinions of state agency evaluators Michael Brown, PhD, and Thomas VanHoose, PhD, that Plaintiff had severe mental impairments to be unpersuasive.[7]

As to the sequential disability analysis, the ALJ found:

- Step one: Plaintiff had not engaged in substantial gainful activity since June 22, 2020, the application date.

- Step two: Plaintiff had the following medically determinable impairments: polysubstance use disorder, left ankle sprain, right arm strain, asthma, skin abscesses, and obesity.

- Also at Step two: Plaintiff's medically determinable impairments did not singly, or in combination, significantly limit Plaintiff's ability to perform basic work-related activities for twelve consecutive months

---

[7] AR 24-26.

and therefore, Plaintiff does not have a severe impairment or combination of severe impairments.[8]

Plaintiff timely requested review of the ALJ's decision by the Appeals Council and now this Court.[9]

## II.    Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error,"[10] and such error impacted the nondisability determination.[11] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12]

---

[8] AR 22.

[9] AR 246.

[10] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. §§ 405(g), 1383(g).

[11] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ), *superseded on other grounds by* 20 C.F.R. §§ 404.1520(a), 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[12] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that

1

### III.    Analysis

2    Plaintiff seeks relief from the denial of disability on four grounds. She

3  argues the ALJ erred in his application of *Chavez v Bowen*.[13]  She also argues that

4  the ALJ erred when he found that she had no medically determinable impairment

5  other than substance use.  She argues that the ALJ erred in his assessment of

6  substance use.   Additionally, Plaintiff asserts that the ALJ did not give good

7  reasons for finding that the opinions of statement examiners Dr. Brown and

8  Dr. VanHoose and the opinions of DSHS consultative examiner Dr. Morgan that

9  Plaintiff had the severe conditions of bipolar disorder, antisocial personality

10  disorder, anxiety, and schizoaffective disorder to be unpersuasive. The

11  Commissioner argues there was no error because Plaintiff has the burden to prove

12  at step two that the conditions were severe and that the ALJ considered that

13  objective medical evidence undermined Plaintiff's complaints, and that Plaintiff

14  misreported her drug use.  The Court disagrees with the Commissioner. As is

15  explained below, the ALJ's analysis contains consequential error.

16

17

18  supports and the evidence that detracts from the Commissioner's conclusion," not

19  simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*,

20  143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does

21  not indicate that such evidence was not considered[.]").

22  [13] *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).

23

## A.    Medical Opinions: Plaintiff establishes consequential error

Plaintiff argues the ALJ erred in his evaluation of the medical opinions.[14] Specifically, Plaintiff first argues that the ALJ erred in discounting the opinions of all five medical sources who rendered an opinion without articulating any consideration of the two required factors of supportability and consistency. Plaintiff asserts that the ALJ erred in summarily dismissing the opinions of Dr. Morgan, Dr. Carstens, and MHNP Lewis because they were purportedly based on misinformation.  She argues that the ALJ erred in dismissing the opinions of Dr. Brown and Dr. VanHoose based on his assumption that they did not understand or properly apply the requirements of the DSM-V to diagnose bipolar disorder and antisocial personality disorder when they made their diagnoses.

### 1.    Standard

The ALJ was required to consider and evaluate the persuasiveness of the medical opinions and prior administrative medical findings.[15] The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include, but are not limited to, supportability, consistency,

---

[14] An ALJ must consider and articulate how persuasive he found each medical opinion, including whether the medical opinion was consistent with and supported by the record. 20 C.F.R. § 416.920c(a)–(c); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

[15] 20 C.F.R. § 416.920c(a), (b).

relationship with the claimant, and specialization.[16] Supportability and consistency are the most important factors,[17] and the ALJ must explain how he considered the supportability and consistency factors when reviewing the medical opinions and support her explanation with substantial evidence.[18] The ALJ may consider, but is not required to discuss the following additional factors: the source's relationship to Plaintiff such as length of the treatment, purpose of the treatment relationship and whether the source examined Plaintiff, as well as whether the source had advanced training or experience to specialize in the area of medicine in which the opinion was being given.[19] When considering the ALJ's findings, the Court is constrained to the reasons and supporting explanation offered by the ALJ.[20]

---

[16] 20 C.F.R. § 416.920c(c)(1)–(5).

[17] *Id.* § 416.920c(b)(2).

[18] *Id.* § 416.920c(b)(2); *Woods v. Kijakazi*, 32 F.4th a at 785 ("The agency must articulate . . . how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings.") (cleaned up).

[19] *Id.* § 416.920c(b)(2).

[20] *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (recognizing court review is constrained to the reasons the ALJ gave).

1    2.    <u>Medical Opinions</u>

2    The five medical sources who rendered an opinion each opined that Plaintiff

3    suffered from at least one severe mental illness which existed separate and apart

4    from substance use.

5        a.    <u>*Dr. Morgan and Dr. Carstens*</u>

6    David Morgan, PhD, examined Plaintiff at the request of DSHS to determine

7    whether she was eligible to be excluded from mandatory work programs due to

8    disability.[21] Luci Carstens, PhD, later reviewed his opinions and found them

9    partially consistent with the medical record.

10    Dr. Morgan examined Plaintiff on May 7, 2020.[22] At the time that she was

11    seen, Plaintiff reported being treated at Comprehensive Healthcare and received

12    counseling and psychiatric medication management.[23] Plaintiff reported a history

13    of marijuana abuse but stated that she had been sober for three years.[24]

14    Dr. Morgan opined that Plaintiff suffered from bipolar disorder, moderate to

15    marked in severity with mania more frequent than depression; and antisocial

16    personality, marked severity.[25]

17    ───────────────

18    [21] AR 570-575.

19    [22] AR 570.

20    [23] *Id.*

21    [24] AR 571.

22    [25] *Id.*

23

DISPOSITIVE ORDER - 8

Dr. Morgan stated that Plaintiff had a severe limitation in the following: adapting to changes in a work setting, communicating and performing effectively in a work setting, and completing a normal work day without interruption.[26] He opined that she had a marked limitation in the following: understand, remember and persist in performing complex tasks; performing activities within a schedule, maintaining attendance, and being punctual; making simple work-related decisions; asking simple questions or requesting assistance; maintaining appropriate behavior in a work setting; and completing a normal workday and work week without interruption.[27]  He also opined that Plaintiff would have a moderate limitation in being aware of hazards and taking precautions.[28] Dr. Morgan opined that Plaintiff's limitations were not primarily the effect of substance abuse, that the effects would persist following 60 days of sobriety, and that substance abuse treatment was not necessary.[29]He stated that Plaintiff could benefit from mental health treatment.[30]

On mental status examination, Plaintiff had rapid speech, normal mood and affect, cooperative behavior, normal thought process, was oriented, and had normal

---

[26] AR 572.

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

perception.[31]  Plaintiff's recent memory and her immediate memory were

challenged.[32]  Plaintiff's fund of knowledge was limited and her concentration was

not within normal limits.[33]  Plaintiff had abnormal abstract thought and was not

able to interpret proverbs.[34] Plaintiff's insight and judgment were less than

adequate and when asked what she would do if she smelled smoke in a crowded

theatre said she would ask who had a cigarette.[35]

On May 8, 2020, Dr. Carstens reviewed Dr. Morgan's opinion.[36] She opined

that the diagnoses of bipolar disorder and antisocial personality disorder that

Dr. Morgan assigned to Plaintiff were consistent with the medical record.[37]  She

also opined that the severity of the limitations opined by Dr. Morgan were elevated

and that as to the ability to ask simple work question and make simple decisions

there should be no limit.[38] She opined that several other limitations were moderate

---

[31] AR 573-574.

[32] AR 574.

[33] AR

[34] *Id.*

[35] AR 575.

[36] AR 577-578.

[37] AR 577.

[38] Id.

DISPOSITIVE ORDER - 10

rather than severe.[39] Dr. Carstens opined that Plaintiff would remain impaired for 24 months and that the onset date should be December 15, 2014.[40]

### b.  *MHNP Lewis*

Ioly Lewis, MHNP, examined Plaintiff at the request of the Commissioner.[41] MHNP Lewis stated that she reviewed medical records from Dr. Morgan, Comprehensive Healthcare, Providence St. Mary, and a June 16, 2020 memorandum from the state agency.[42]  Plaintiff denied present use of drugs but stated that she was treated in 2015 for drugs and alcohol.[43] On examination, Plaintiff was cooperative; her speech was normal; her mood was anxious and her affect was congruent; her thought process was goal directed and circumstantial; she reported a history of hallucinations but said she was not presently having them; she could concentrate on most things but she had had issues with her fund of knowledge, concentration, abstract thinking, and judgment; and her insight was fair.[44]

---

[39] Id.

[40] AR 578.

[41] AR 443-451.

[42] AR 444.

[43] AR 445.

[44] AR 447.

MHNP Lewis diagnosed Plaintiff with schizoaffective disorder, bipolar type; and post traumatic stress disorder (PTSD).  MHNP Lewis said there was no evidence of intoxication at the time of the evaluation, nor was there evidence of malingering.[45]  She opined that Plaintiff would have fair ability to understand, remember, and carry out simple instructions; poor ability to understand, remember, and carry out complex instructions; poor ability to sustain concentration and persist in work-related activity; poor ability to work at a reasonable pace, maintain attendance, and work without interruption; poor ability to interact with coworkers, supervisors, and the public; and poor ability to adapt and manage work stresses.[46]

       *c.*     *State agency evaluators Dr. Brown and Dr. VanHoose*

Dr. Brown reviewed Plaintiff's file on February 3, 2021.[47]  Dr. Brown stated that in the past there had been evidence of "skin pops" related to injections.[48]  He went on to state further that:

> Current evidence is new/material and not supportive of substance use. While substance use is suspected, it is not identified by objective evidence.  The present record does not support adopting ALJ prior assessment of DAA only.[49]

---

[45] AR 448.

[46] AR 449-450.

[47] AR 110.

[48] AR 107.

[49] *Id.*

1    Dr. Brown opined that Plaintiff primary impairment of depressive, bipolar

2   and related disorders is severe; that her secondary impairment of personality

3   disorders is severe, and that her other impairment of anxiety and obsessive-

4   compulsive disorders is severe.[50]  He opined that Plaintiff has a moderate

5   impairment in the following four domains:  understanding, remembering, and

6   applying information: interacting with others; concentrating, persisting, or

7   maintaining pace; and adapting or managing oneself.[51]

8    Dr. Brown provided a very long and detailed narrative explanation of the

9   records supporting his opinions:

10       Clmt with long hx of treatment for substance use d/o.
         4/1/20 clmt in ED with back pain from irregular menstrual cycles. Alert,
11       appropriate, conversant, normal mood/affect, normal judgment. No SI
         or HI, normal speech.
12       4/7/20 clmt with recent detox awaiting treatment. AO.
         4/27/20 clmt with housing issue and suspect meth.
13       5/7/20 CSO eval reported when manic will have AH/VH. When
         depressed can have SI. Denies current SI. Clmt reporting to be manic.
14       Clmt was found to have difficulty focusing, rapid speech, and had to be
         redirected several times. Cooperative, normal mood/affect, intact
15       thought, intact orientation, intact perception. 1/3 after short delay,
         3f/2b, poor FOK, only able to spell WORLD forward but not backwards.
16       Poor insight and judgment. Dx of bipolar and antisocial personality d/o.
         6/16/20 landlord unable to evict clmt despite suspected drug use in
17       apartment, disturbance to other tenants, and multiple police visits.
         6/14/20 clmt off her anxiety medications. NAD, Aox3, fast and at times
18       rambling speech, very animated. DX of anxiety by MD.
         8/27/20 clmt now homeless. Admits to MJ but denies any other
19       substances. PHQ9=20. Clmt in jail three weeks prior due to theft. Clmt

20

21   _____

     [50] AR 109.
22
     [51] AR 110.
23

failed to follow up and when finally contacted by MH providers she indicated she was headed to other appointment.

1/25/21 CE found clmt having arrived by car with her mother but interviewed alone. Behavior prior to and after exam unremarkable. Clmt endorsing difficulty being around a lot of people and things, depression, difficulty falling asleep, worthlessness, hopelessness, helplessness, poor energy/concentration, anxiety in crowds, moods swings, impulsive spending, AH/VH hx but none during exam. Clmt endorsed SI w/o current intent but prior attempt in 2014; clmt able to contract for safety. Clmt endorsed current self harm to include cutting, hitting and burning self. Clmt denying substance use. Clmt isolates but maintains family relationships/interactions. Attempts chores and cooking; not driving due to anxiety, mother managing her funds. Reads. Paranoid that tv talks to her so does not watch tv. Clmt informing of short periods of employment then quits. Appropriately dressed/groomed. Friendly, cooperative, good eye contact, sat comfortably. Fast rate/rhythm to speech. Normal gait, no abnormal movements. Anxious mood, appropriate affect. Goal directed but circumstantial thought process. Intact thought content w/o current AH/VH. Intact focus/concentration on most questions. Fair insight. AOx4. Intact remote memory, 2/3 after delay, 3f, 3b. Poor FOK. Did not complete serial numbers. Dx of schizoaffective d/o, PTSD.

Dx to include anxiety, bipolar, schizoaffective d/o, antisocial personality disorder. Hx of substance use d/o but no current evidence of use. PTSD dx but not supported by objective evidence.[52]

Dr. Brown reiterated that there was no evidence of substance use a third time, stating:

Dx to include anxiety, bipolar, schizoaffective disorder, personality disorder. Dx of PTSD has been provided but no objective evidence found to support this diagnosis. Evidence indicating possible substance use, but no objective evidence to support this currently; MER does support history of substance use. The Claimant admitted that in the past she had difficulty working for any protracted period secondary to drug abuse. [53]

---

[52] AR 107.

[53] *Id.*

d.    _Dr. VanHoose_

On August 17, 2021, Dr. VanHoose reviewed Plaintiff's file at the reconsideration level.[54] Dr. VanHoose states that _Chavez_ applied but the prior decision was not adopted because "there is a severe mental impairment aside from substance abuse."[55]

Dr. VanHoose adopted Dr. Brown's opinions.  Dr. VanHoose opined:

> Review of all medical evidence does not support changes of severity from initial assessment. Claimant is capable of performing simple, repetitive tasks in a routine work environment with limited public and peer contact.[56]

3.    Analysis

The Court concludes that the ALJ erred in his evaluation of the medical opinions.  At no point in his consideration of the opinions did he conduct a proper articulation of the two factors of supportability and consistency in his analysis of the five opinions but instead summarily dismissed them for varying reasons.

a.    _The ALJ's consideration of Dr. Morgan's opinions_

The ALJ considered Dr. Morgan's and Dr. Carstens' opinions in one single paragraph.  With regard to Dr. Morgan's opinions, the ALJ articulated:

> Dr. Morgan's opinion is wholly unpersuasive, as the claimant did not inform him of her   methamphetamine abuse history, including

---

[54] AR 134.

[55] Id.

[56] AR 140.

use as recently as March 2020 (4F/1). Dr. Morgan did not have pertinent information that might have provided insight on her presentation during the evaluation, and his conclusions are tainted as a result. He also conducted only a telephone interview with the claimant, which indicates he did not personally observe her. Finally, his evaluation specifically states it was conducted for DSHS purposes and that any other use was inappropriate.[57]

As noted above, the ALJ failed to address either the supportability factor or the consistency factor in his analysis and has erred in finding the opinion inconsistent with drug usage when there is no objective evidence of active drug usage in the record. Thus, on its face, this analysis is flawed. The Court does find the ALJ's articulated reasoning that Dr. Morgan's opinion is less persuasive because he was not aware of Plaintiff's drug usage would not to be flawed on its face if the record objectively supported that there was active drug usage. This is a valid consideration and, if there was evidence of drug use, this would be a valid reason to find the opinion less persuasive. But the Court finds that the record before it does not support this conclusion. Aside from brief periods in which Plaintiff admitted both in her testimony and her statements to providers she had slipped and used drugs, there is no objective evidence of drug use.[58] Indeed, the ALJ stated that there was no objective evidence of drug use but stated that "I consider negative drug screens to be only reliable evidence of abstinence, and the

---

[57] AR 24.

[58] AR 65.

records in evidence do not include any negative screens."[59] Thus, the ALJ has improperly shifted the burden onto Plaintiff.  This is error.

The ALJ's reasoning that Dr. Morgan's opinions are less persuasive because he interviewed Plaintiff via a telehealth visit is also improper, particularly in light of the fact that the examination was made in May 2020, at the height of the Covid-19 pandemic and at a time when all non-emergency medical appointments were made via tele-health. The results of medical examinations made by telehealth visits during that time period have been broadly considered by the courts and the Administration and there is no inference that has been drawn that they are inherently less reliable.

Lastly, the ALJ's reasoning that Dr. Morgan's is not persuasive because it indicates that it was for DSHS purposes only is disingenuous.  The disclaimer presented is one intended to indicate that there is a lack of doctor-patient relationship, not to indicate a limitation to the opinion.  The opinions were rendered for the purpose of evaluating whether Plaintiff was disabled, which is certainly consistent with their consideration in this context.  Moreover, the courts and the Administration routinely consider the opinions of consultative examiners in a workers compensation context, and have never found them inherently unreliable, despite the fact that they provide a nearly identical disclaimer.

---

[59] AR 23.

DISPOSITIVE ORDER - 17

1    The Court concludes that the ALJ has not provided a supported reason to

2    find Dr. Morgan's opinions to be not persuasive and finds that remand is

3    warranted for the ALJ to reevaluate the opinion in accordance with the

4    regulations.

5                *b.*    *The ALJ's consideration of Dr. Carstens' opinions*

6    The ALJ's consideration of Dr. Carsten's opinions was quite brief.  He simply

7    stated:

8        > Luci Carstens, Ph.D., an evaluator for DSHS, reviewed Dr. Morgan's
9        > conclusions and opined they were partially supported by available
         > records (B1F/30).  She also noted that the claimant had denied
10       > current problems with substances or alcohol, and she concluded the
         > claimant was disabled under DSHS regulations.   Dr. Carstens'
11       > opinion is similarly unpersuasive because of the claimant's
         > misinformation, and in any event, the decisions of other governmental
12       > agencies are inherently neither valuable nor persuasive when
         > adjudicating disability under the Social Security Act.[60]

13       Here, the ALJ fails to acknowledge that Dr. Carstens has rendered

14   any opinion other than the fact that Plaintiff met the DSHS definition of

15   disability. This is incorrect.  Dr. Carstens opined that Plaintiff had mild

16   limitation in understanding, remembering, and persisting with short, simple

17   instructions; had a moderate limitation in being aware of hazards; and had

18   either marked or extreme limitations in all other functional areas.[61]  The

19

20

21   [60] AR 24.

22   [61] AR 355.

23

ALJ did not acknowledge the opinions, nor did he address the required factors of supportability and consistency.

Additionally, the ALJ's statement that Dr. Carstens' opinions would be neither valuable nor persuasive is in error. While an ALJ is not required to consider the opinion of another governmental agency as to disability, he is required to consider the evidence on which that decision was based.[62]

Accordingly, the Court concludes that the ALJ's consideration of Dr. Carsten's opinion was deficient, and remand is warranted.

### c.    _The ALJ's consideration of ARNP Lewis' opinions_

The ALJ's articulated reasoning to find ARNP Lewis' opinions to be unpersuasive was the same as his reasoning for finding Dr. Morgan's opinions unpersuasive. He repeated his prior error and did not articulate any consideration of the required factors of supportability or consistency. Again, the Court finds remand is warranted.

### d.    _The ALJ's consideration of Dr. Brown's and Dr. VanHoose's opinions_

The ALJ's articulated reasoning for finding the opinions of state agency evaluators Dr. Brown and Dr. Van Hoose to be unpersuasive was different than that considered previously. It was, however, flawed for other reasons.

---

[62] 20 C.F.R. § 416.904.

1

2

The ALJ articulated the following reasoning regarding his consideration of

Dr. Brown's and Dr. VanHoose's opinions:

3

4

5

6

7

8

9

> Michael Brown, Ph.D., and Thomas VanHoose, Ph.D., opined that the claimant had severe mental impairments, but their conclusions do not constitute evidence that warrants a different finding from the evidence in the previous decision, as that evidence likewise contained multiple psychiatric diagnoses in addition to a substance use disorder, including diagnoses from state agency level evaluators. Similar to the prior decision, the diagnoses from Drs. Brown and VanHoose are not validly established using DSM-V criteria, which requires that substance use be excluded as the cause of an individual's symptoms. I do not find sufficient explanation in the present record to exclude the claimant's concurrent substance abuse as the cause of her symptoms, and the opinions of Drs. Brown and VanHoose offer no support for a contrary finding.[63]

10

11

12

13

14

Here, the Court finds that the ALJ's reasoning is not supported by the record

and is flawed on its face. As with the three prior opinions discussed, the ALJ did

not address the critical factors of supportability and consistency. This is

particularly egregious here, because Dr. Brown articulated the basis for his

opinions in some detail.

15

16

17

18

19

Unlike other opinion sources, who the ALJ stated based their opinions on

misinformation from Plaintiff as to her sobriety, Dr. Brown and Dr. VanHoose

reviewed her file and were well-aware of her history of drug abuse. They both

opined that the prior record supported a finding that drug abuse was the only

medically determinable impairment but stated that the present record did not

20

21

22

23

---

[63] AR 26.

1    support that conclusion.  There is no doubt that their opinions that Plaintiff had

2    severe mental impairments apart from drug abuse were informed.

3         Both Dr. Brown and Dr. VanHoose were state agency evaluators who were

4    experienced and knowledgeable of the Administration's rules and regulations.

5    They are aware of the regulations regarding DAA and how it pertains to findings of

6    disability.  They articulated that they considered Plaintiff's history of drug use but

7    diagnosed Plaintiff with separate medically determinable impairments based upon

8    the medical record before them.  Moreover, they are licensed psychologists.

9         The ALJ has given no reason to believe that the two licensed mental health

10    experts are not aware of the requirements of the DSM-V to diagnose a common

11    mental illness, nor to question their qualification to properly diagnose an illness

12    within their area of expertise.  In place of their informed, expert opinions, he has

13    imposed his own non-expert opinion based not on the objective medical record but

14    on his own prior experiences. Accordingly, the Court finds that remand is

15    warranted.

1      4.    <u>Summary</u>

2          The Court finds that remand is warranted.  The ALJ ignored the opinions of

3     all medical sources for specious reasons and relied upon his own non-expert

4     opinion.  Moreover, at least once in the decision, the ALJ asserted that his opinion

5     of Plaintiff has not changed since his last decision.  At the very least, this has

6     created an appearance that Plaintiff has not been afforded a fair hearing from an

7     impartial judge.  Accordingly, the Court finds that remand is warranted.

8     **B.    *Chavez v Brown*: This issue is moot.**

9          Plaintiff asserts that the ALJ improperly found that he was required to

10    adopt his prior finding that Plaintiff had no medically determinable impairment

11    because no new evidence established a mental illness separate from substance

12    abuse.  The Court concludes that the ALJ's error in his consideration of the medical

13    opinions of Dr. Brown and Dr. VanHoose that new medical evidence indicated that

14    a medically determinable impairment existed separate from substance abuse has

15    tainted his consideration of this issue.  Because the Court has remanded the case

16    for reevaluation of the medical opinions in general, this issue is moot.

17    **C.    Step Two (Severe Impairment): This issue is moot.**

18         Plaintiff argues that the ALJ erred at step two by failing to find her mental

19    illness  to be severe impairments. Because the Court has found remand necessary

20    because the ALJ erred in considering the medical opinions of the examining and

21    non-examining sources that Plaintiff has multiple severe mental impairments, the

22

23

1  ALJ will be required to reevaluate whether Plaintiff has a severe impairment.

2  This issue is therefore moot.

3  **D.    Remand for Further Proceedings**

4          The decision whether to remand a case for additional evidence, or simply to

5  award benefits, is within the discretion of the court."[64] When the court reverses an

6  ALJ's decision for error, the court "ordinarily must remand to the agency for

7  further proceedings."[65]

8          The Court finds that further development is necessary for a proper disability

9  determination. Here, the ALJ must consider the medical opinions properly as to

10  the factors of supportability and consistency, as required by the regulations, and

11  then consider any additional evidence presented, and make findings at each of the

12  five steps of the sequential evaluation process.  Because the Court notes that the

13  ALJ's failure to allow the case to proceed beyond step two in this matter might

14  create an appearance of bias, the Court also orders that a different ALJ should be

15  assigned to hear the case.

16

---

17  [64] *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*,

18  761 F.2d 530 (9th Cir. 1985)).

19  [65] *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke*  379 F.3d at  595

20  ("[T]he proper course, except in rare circumstances, is to remand to the agency for

21  additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

22  775 F.3d 1090, 1099 (9th Cir. 2014).

23

## IV.    Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and is to be reassigned to a different ALJ.

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 11 and 15**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 22nd day of April, 2024.

_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge
